**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracee Monique Collins,<br><br>Plaintiff,<br><br>v.<br><br>Macy's Incorporated,<br><br>Defendant. | No. CV-19-02572-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Macy's Credit and Customer Services, Inc.'s ("Macy's'" or "Defendant's") Motion to Dismiss and Compel Arbitration. The Motion is granted. Also pending before the Court are Plaintiff Tracee Monique Collins' ("Plaintiff's") Motion to Submit Supplemental Evidence and Motion to Consider Plaintiff's Rebuttal. The Motion to Supplement is granted and the Motion to Consider Rebuttal is denied.

## BACKGROUND

Plaintiff was employed as a Macy's Customer Service West Frontline Loyalty Phones Agent from October 2017 to August 2018. In August 2018, Plaintiff's employment was terminated for allegedly violating Macy's attendance policy. On April 19, 2019, Plaintiff filed the underlying complaint alleging that Macy's' attendance system did not accurately and timely update her attendance.[1] (Doc. 1.) Macy's responded with this Motion

---
[1] Plaintiff alleges claims for negligence, tortious interference, and infliction of emotional distress.

to Dismiss and Compel Arbitration on July 11, 2019. (Doc. 12.) Macy's argues that Plaintiff agreed to arbitrate all employment-related disputes she might have with Macy's through Macy's' Solutions InSTORE Program because she did not opt out of step four of the Program within 30 days of her hire date.

Macy's employees are covered by Macy's employment dispute resolution program, Solutions InSTORE, but are given a chance to opt out of step four (arbitration) by completing an election form and mailing it to the appropriate office within 30 days of their hire date. Employees are informed—through a variety of means—that they agree to arbitrate disputes if they do not complete the election form. Macy's alleges that it informed Plaintiff of the Solutions InSTORE program and her ability to opt out in several ways: (1) the Solutions InSTORE New Hire Acknowledgement form (New Hire Acknowledgement Form); (2) the Solutions InSTORE New Hire Brochure (New Hire Brochure); (3) the Solutions InSTORE Step 4-Arbitration opt-out Election Form (Election Form); and (4) the Solutions InSTORE Plan Document (Plan Document).

Macy's alleges that on October 19, 2017, at the outset of her employment, Plaintiff viewed and electronically signed the New Hire Acknowledgement form, which stated in part: "I understand that if I do not wish to be covered by . . . Arbitration, the only way to notify the Company about my choice is by postmarking my election form within 30 days of hire and mailing it to the Office of Solutions InSTORE." (Doc. 12 at 7.) Macy's also alleges that Plaintiff was given a copy of the New Hire Brochure at the time she was completing her new hire paperwork. This includes the Election Form and the Plan Document and reiterates that employees must fill out the Election Form to opt-out of arbitration. The Election Form itself then again states that employees will be bound to arbitration if they do not act within 30 days of their hiring date.

Plaintiff states that she never received the Plan Document and that she did not receive the New Hire Brochure until after she "completed the electronically signed forms as instructed by the HR rep." (Doc. 15-3 at 1.) Finally, Plaintiff makes conflicting statements about whether she signed the New Hire Acknowledgement Form. In her

Objection to Motion to Dismiss and Compel Arbitration, Plaintiff "asserts that she clicked the button with the computer mouse with the intention and good faith acknowledging only that she received the information [contained in the New Hire Acknowledgement]," and that because Macy's "misrepresented the material elements of the alleged contract" and "Plaintiff did not wish to 'exclude' herself from 'coverage' of this 'benefit,'" Macy's obtained "an alleged electronic signature" without Plaintiff's genuine consent. (Doc. 15 at 2.) She further acknowledges that she "completed the required forms as instructed." (Doc 15-1 at 2.) Macy's claims (and Plaintiff does not dispute) that these forms included the New Hire Acknowledgement. However, at other points in her Objection, Plaintiff argues that her electronic signature was altered, and that her documents were "manipulated, edited by Macy's" such that they are not legally enforceable. (Doc. 15-3 at 1, 2.)

## DISCUSSION

### I. Legal Standard

In a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), courts must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

### II. Analysis

On a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA), a district court decides only (1) whether the parties formed a valid agreement to arbitrate, and, if so, (2) whether the agreement to arbitrate encompasses the underlying dispute. *Equal Employment Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. CV08–1207–PHX–NVW, 2009 WL 1259359, at *2 (D. Ariz. May 6, 2009). If the court decides both issues affirmatively, the court must enforce the arbitration agreement in accordance with its terms. *Id*. The FAA requires courts to construe arbitration agreements under general state law contract principles. *Id.*

#### A. Validity of the Agreement

Plaintiff's argument against the validity of the arbitration agreement is two-fold.

First, Plaintiff argues that her signature on the New Hire Acknowledgement was altered, and thus that she did not enter into a legally binding agreement to arbitrate. Plaintiff then argues that she is not contractually obligated to arbitrate because Macy's misrepresented material information in the agreement and because the agreement lacks consideration. (Doc. 15 at 2.)

### 1. Alteration of Signature

While the Court must resolve all factual conflicts in favor of Plaintiff, *Murphy*, 362 F.3d at 1138, Plaintiff herself states that Macy's obtained Plaintiff's "alleged electronic signature" on her New Hire Acknowledgement because she "did not wish to 'exclude' herself from 'coverage' of th[e] 'benefit'" of arbitration. (Doc. 15 at 2.) Even assuming Plaintiff's signature was not valid, however, the FAA requires only a writing, not a signature, to create a binding arbitration agreement. *Nghiem v. NEC Elec.*, Inc., 25 F.3d 1437, 1439 (9th Cir. 1994). Like the plaintiff in *Nghiem* who acknowledged receipt of the employee handbook explaining the defendant employer's arbitration process, Plaintiff has acknowledged receiving Macy's' New Hire Brochure, which lays out the Solutions InSTORE Program in detail.[2] As in *Circuit City Stores, Inc. v. Najd*, Macy's "communicated in detail and in writing the effect of [Plaintiff's] acceptance on [her] right to bring claims against [her] employer. Also, [Macy's] made clear that opting out of the agreement would have no effect on the employment relationship. Finally, [Plaintiff] had thirty days to review the agreement and mull over whether to opt out of it. When, as here, inaction is indistinguishable from overt acceptance, we may conclude that the parties have come to agreement." 294 F.3d 1104, 1108 (9th Cir. 2002).

### 2. Misrepresentation

Plaintiff alleges that Macy's made material misrepresentations in the information provided to Plaintiff detailing the arbitration agreement. First, Plaintiff argues that Macy's

---

[2] Plaintiff states in her declaration that she received the Brochure after she "completed and electronically signed the required forms as instructed by the HR rep" at her pre-employment paperwork appointment on October 19, 2017. (Doc. 15-3 at 1.) Plaintiff has not disputed the contents of this Brochure as provided in Macy's' Declaration of Cynthia Ripak, Exhibit B (Doc. 12.)

- 4 -

misled her by labeling the New Hire Acknowledgement as an "acknowledgment" rather than a contract. Plaintiff confuses the Acknowledgement for the contract itself, which Macy's has never suggested. The New Hire Acknowledgement was intended to be an acknowledgment only, not a contract. The contract was formed through the offer and acceptance of Plaintiff receiving Macy's' informational materials and failing to opt out of arbitration. Next, Plaintiff argues that Macy's misrepresented material information by using the term "benefit" in connection with the Solutions InSTORE Program. While the Court is sympathetic to Plaintiff's view that Macy's arbitration procedure is not beneficial for *her*, arbitration has several features that could plausibly constitute benefits. *See, e.g.*, *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 280 (1995) (arbitration is "usually cheaper and faster than litigation; it can have simpler procedural and evidentiary rules; it normally minimizes hostility and is less disruptive of ongoing and future business dealings among the parties; it is more flexible in regard to scheduling of times and places of hearings and discovery devices"). Plaintiff also argues that she was not given notice that participating in arbitration entailed waiving her right to a jury trial and spending up to $125. But the New Hire Brochure, which Plaintiff admits she received, states this explicitly. (Doc. 12-1 at 46, 47) ("You'll pay a portion of the arbitration costs . . . up to a maximum of $125. . . . when covered by Step 4 final and binding arbitration you and the Company . . . both waive the right to civil action and a jury trial."). And while the Election Form does not include this information, it encourages employees to look at the Brochure. (Doc. 12-1 at 72) ("It is important to review the entire Solutions InSTORE program brochure . . . . [It] describes the features of the program, including its benefits and tradeoffs.").

### 3. Consideration

Finally, Plaintiff asserts that the arbitration agreement is not valid because it was offered without consideration. Plaintiff argues that at-will employment cannot constitute consideration, particularly where, as here, the employer has promised that the employee's job will not be affected by the decision to opt out of arbitration. The consideration in this case is not Plaintiff's continued employment, however, but rather the fact that Macy's is

also bound to arbitrate disputes if the employee does not opt out. (Doc. 12-1 at 46, 47) ("[W]hen covered by Step 4 final and binding arbitration you *and the Company* . . . both waive the right to civil action and a jury trial.") (emphasis added). An employer's promise to "submit to arbitration and to forego the option of a judicial forum for a specified class of claims constitutes sufficient consideration." *Circuit City*, 294 F.3d at 1108.

### B. Applicability of the Agreement to the Dispute

As the parties formed a valid agreement to arbitrate, the Court must next determine whether that agreement encompasses the underlying dispute—Plaintiff's claims for negligence, tortious interference, and infliction of emotional distress stemming from her termination. Macy's states, and Plaintiff does not dispute, that the arbitration agreement covers "all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment" "arising under federal, state or local decisional or statutory law." (Doc. 12 at 14.) As Plaintiff's claims are all related to her employment and cessation of her employment, the arbitration agreement encompasses the underlying dispute. Macy's' motion is granted.

### CONCLUSION

Because the parties formed a valid agreement to arbitrate and the agreement encompasses the underlying dispute, Plaintiff's complaint must be dismissed to compel arbitration. This order shall not prevent the parties from filing in federal court in the future to enforce an arbitration award if one is granted and necessary.

**IT IS THEREFORE ORDERED** that Macy's' Motion to Dismiss and Compel Arbitration (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** this Order shall not prevent the parties from filing in federal court in the future to enforce an arbitration award, if one is granted.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this case.

Dated this 15th day of October, 2019.

_____
G. Murray Snow
Chief United States District Judge